IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CADDLE et al. : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 17-3687 |
| MANLEY DEAS KLOCHALSKI, LLC. : | |
|     Defendant. : | |

Jones, II   J.                                                                                            August 7, 2018

### MEMORANDUM

Plaintiffs James and Glendene Caddle bring the above-captioned action against the defendant debt collector, Manley Deas Klochalski, LLC, alleging numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq*. ("FDCPA"). Plaintiffs allege that Defendant failed to follow mandatory FDCPA procedure in its debt collection efforts, unlawfully mischaracterized the amount of Plaintiffs' debt, and threatened impermissible legal action in an effort to induce payment. Presently before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss the Amended Complaint, and all responses and replies thereto. For the reasons that follow, Defendant's Motion is granted in part and denied in part, as outlined herein.

### Relevant Background

The following facts are presented in the light most favorable to Plaintiffs. Plaintiffs executed a mortgage loan agreement with American Mortgage Express Corporation in June 2007. (ECF No. 13, p. 33.) At some point thereafter, Plaintiffs' mortgage was assigned to HSBC Bank USA ("HBSC"). (ECF No. 13, p. 34.) HBSC initiated a mortgage foreclosure action against Plaintiffs in the Court of Common Pleas of Montgomery County in 2013. (ECF No. 13, pp. 33-36.) Defendant represented HBSC in the 2013 Montgomery County action. (ECF No. 13, p. 41.)

Following Defendant's appearance in HBSC's private suit against Plaintiffs, Defendant functioned as a debt-collector on HBSC's behalf. (ECF No. 13, ¶ 10.) In that capacity, on October 18, 2016 Defendant sent Plaintiffs a letter captioned "Response to Payoff Request." (ECF No. 13, ¶ 9; ECF No. 13, pp. 17-20.) Defendant's letter indicated that it was sent in response to a request for payoff quote, contained information regarding the debt owed on Plaintiffs' mortgage, and offered several means by which Plaintiffs could settle their account. (ECF No. 13, pp. 17-20.) By its express terms, the letter was not an attempt to collect a debt, but the language contained therein encouraged Plaintiffs to contact Defendant's office when Plaintiffs were ready to make a payment. (ECF No. 13, pp. 17-20.)

In June 2017, Plaintiffs sent Defendant a letter captioned "Consumer Notice of Dispute of Debt." (ECF No. 13, pp. 22-25.) Pursuant to Section 1692g of the FDCPA, Plaintiffs asked Defendant to verify, *inter alia*, the amount of the mortgage debt owed and the identity of the bank beneficiary. (ECF No. 13, pp. 22-25.) Defendant received Plaintiffs' letter on or around July 3, 2017, (ECF No. 13, ¶ 22), but never responded thereto. (ECF No. 13, ¶ 23.)

## Standard of Review

In deciding a Motion to Dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atl. Corp. v. Twombly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. Id.; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## Discussion

"Congress enacted the FDCPA to curb 'abusive, deceptive, and unfair debt collection practices.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018) (citing 15 U.S.C. § 1692a). The FDCPA seeks to "eliminate abusive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. (internal citations omitted). As the FDCPA is remedial, the Third Circuit "construe[s] its language broadly, so as to effect its purpose." Id.

In furtherance of its express purpose, the FDCPA delineates clear procedures for a debt-collector's initial communication with consumers, 15 U.S.C. § 1692g, and prohibits the "…use of any false, deceptive, or misleading representation" in the collection of a debt. Id. at 428. By this action, Plaintiffs seek redress for what they allege to be numerous violations of FDCPA procedure. Specifically, Plaintiffs allege that Defendant misrepresented the amount of debt Plaintiffs owed, used deceptive means in order to collect a debt, and threatened impermissible legal action. Defendant timely moved for dismissal of Plaintiffs' Amended Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon careful consideration of the Amended Complaint, Defendant's Motion to Dismiss, Plaintiffs' Response, and Defendant's Reply, Defendant's Motion is granted in part and denied in part as outlined herein.

I. **Plaintiffs' Claim Under 15 U.S.C. § 1692g**

Plaintiffs, appearing pro se, seem to advance four distinct causes of action, but organize the Amended Complaint in such a way as to group all the claims together under one of two

"counts." For the purposes of this Motion, the Court will reference each of Plaintiffs' claims according to the provision of the FDCPA under which the claim arises. The first of Plaintiffs' claims alleges violations by Defendant of Section 1692g of the FDCPA. This provision of the FDCPA requires all debt collectors to follow a delineated procedure in the initial communication with a consumer-debtor where sent in connection with the collection of a debt. Section 1692g(b) mandates that, where the consumer-debtor formally disputes his debt within thirty days of receipt of the initial communication, the debt-collector must provide the consumer-debtor with verification of the disputed debt.

Defendant challenges the sufficiency of Plaintiffs' Section 1692g claim on the grounds that Section 1692g does not apply to debtor initiated communications, and Defendant's 2016 letter was sent in response to Plaintiffs' request for a payoff quote. (ECF No. 14, pp. 11-13.) The Court rejects Defendant's argument in favor of dismissal as wholly unpersuasive. Defendant presents no Third Circuit precedent that limits the application of Section 1692g's mandates to unsolicited initial communications by debt collectors. And the express language of Section 1692g is similarly without any such qualification. Given the directive of the Third Circuit to broadly construe all provisions of the FDCPA, this Court is unwilling to hold that Plaintiffs cannot establish a violation of Section 1692g solely because Defendant's initial communication may have been prompted by a request or other act by Plaintiffs.

The foregoing aside, notice is hereby given that this Court intends to dismiss the instant claim *sua sponte*. A court may, "on its own initiative," dismiss any claim where "the inadequacy of the [claim] is apparent as a matter of law." Zaslow v. Coleman, 103 F. Supp. 3d 657, 664 (E.D. Pa. 2015) (noticing the plaintiff of its intention to, *sua sponte*, dismiss the complaint for failure to state a viable claim). Where *sua sponte* dismissal is contemplated, "the court must

4

afford the plaintiff an opportunity to respond to the perceived deficiencies in the complaint." Id. From the face of the Amended Complaint, it is clear that Plaintiffs sent their Notice of Dispute a full eight months after Defendant sent its initial communication, well outside the thirty-day period afforded by Section 1692g(b). Given the untimeliness of Plaintiffs' request for verification of their alleged debt, it would appear that Defendant was not bound by the mandates of 1692g(b), and therefore committed no violation of the Act by not remitting the requested debt verification. Absent any violation, Plaintiffs fail to state a claim upon which relief can be granted. As is required, the Court will grant Plaintiffs a period of twenty-one days to respond to the identified deficiency of this claim. If Plaintiffs fail to respond, or fail to present a convincing argument against dismissal, Plaintiffs Section 1692g claim will be dismissed with prejudice.

II.     **Plaintiffs' Claim Under 15 U.S.C. § 1692e(2)(A)**

Plaintiffs next bring suit against Defendant for an alleged violation of 1692e(2)(A), which prohibits a debt-collector's "false representation of the character, amount, or legal status of any debt." Plaintiffs allege that, in its 2016 letter, Defendant intentionally mischaracterized the amount of Plaintiffs' debt. (ECF No. 13, ¶¶ 28, 35-41, 106.) Defendant moves for dismissal of Plaintiffs' claim on the grounds that Plaintiffs' allegations are wholly conclusory, and the court documents from HBSC's Montgomery County action support Defendant's accounting of Plaintiffs' outstanding debt. (ECF No. 14, p. 15.)

The Court denies Defendant's Motion for two reasons. First, a number of the fees and charges included in Defendant's letter are not readily verifiable from the record presently before the Court. It is entirely possible that, following discovery, Plaintiffs will be able to substantiate their allegations that these amounts were inflated or otherwise inaccurate in Defendant's letter. Second, the principal amount of Plaintiffs' mortgage is not consistent across all documents in the record. *Compare* ECF No. 13, p. 18, *and* ECF No. 13, p. 38.  The loan principal, before the

5

addition of interest, should not vary in the way reflected in the proffered Montgomery County court documents and Defendant's 2016 letter. Defendant provides no explanation for these discrepancies, and in the absence of same, the Court finds that Plaintiffs have sufficiently alleged a violation of 1692e(2)(A).

III. **Plaintiffs' Claim Under 15 U.S.C. § 1692e(5)**

Plaintiffs' third claim alleges that, in the course of its debt collection efforts, Defendant threatened to take impermissible legal action Defendant never actually intended to pursue, in violation of Section 1692e(5) of the FDCPA. (ECF No. 13, ¶ 107.) As noted by Defendant, the only legal action identified in the Amended Complaint is the 2013 Montgomery County suit in which Defendant entered an appearance. Said legal action was neither unlawful nor threatened, and as such, Plaintiffs' claim necessarily fails. See Dicesari v. Asset Acceptance LLC, Civ. 11-6815, 2012 U.S. Dist. LEXIS 133168, at *8 (E.D. Pa. Sept. 18, 2012) ("Because the Plaintiff only alleged an action taken – namely the filing of the state court complaint – and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5)") Defendant's Motion is granted as it relates to Plaintiffs' Section 1692e(5) claim.

IV. **Plaintiffs' Claim Under 15 U.S.C. § 1692e(10)**

In their fourth and final claim, Plaintiffs allege that Defendant employed deceptive means to induce Plaintiffs to make a payment toward their debt, in violation of Section 1692e(10). (ECF No. 13, ¶¶ 51, 108.) The "dunning communications" Plaintiffs identify as the bases of their Section 1692e(10) claim are Defendant's 2016 "Response to Payoff Request" letter and a Motion for Summary Judgment filed in the Montgomery County foreclosure action. As it relates to Defendant's 2016 letter, Plaintiffs allege that Defendant's mischaracterization of Plaintiffs' debt constituted a violation of Section 1692e(10), as did Defendant's alleged "deceptive attempt to mislead Plaintiffs to make a wire transaction" to the bank-creditor. (ECF No. 13, ¶¶ 67-69.) To

the extent that the former serves as the basis for Plaintiffs' claim, Defendant's Motion is granted. Claims under Sections 1692e(2)(A) and 1692e(10) "are closely related and often brought in conjunction with one another." Stuart v. AR Res., Inc., 2011 U.S. Dist. LEXIS 27025, n. 2 (E.D. Pa. Mar. 16, 2011). But "[a] debt collector's false statement violates [Section 1692e(2)(A)] if it misrepresents the amount or character of a debt," and violates Section 1692e(10) "if it *uses* [a] false statement in an attempt to collect a debt." Aronson v. Commercial Fin. Servs., Civ. No. 96-2113, 2011 U.S. Dist. LEXIS 235534, at *10-11 (W.D. Pa. Dec. 22, 1997) (emphasis in original). Plaintiffs fail to allege sufficient facts to establish that Defendant intentionally mischaracterized the amount of Plaintiffs' debt in order to induce payment thereof. Because Plaintiffs' claim does not rest upon Defendant's *use* of the allegedly mischaracterized debt in order to induce payment, the claim is dismissed to the extent the misstated debt amount is the basis therefor. And Plaintiffs' claim is also dismissed to the extent that the claim is based on Defendant's alleged attempt to deceive Plaintiffs into wiring payment to the bank-creditor. Plaintiffs fail to allege what actual deception was employed, and instead only allege that Defendant provided the bank-creditor's account information and directions for how to submit payment. (ECF No. 13, ¶¶ 69-73.) Those allegations, without more, do not rise to the level of a Section 1692e(10) violation.

The Court will, however, allow Plaintiffs to proceed with their Section 1692e(10) claim to the extent that the claim is based upon the alleged misrepresentations contained in Defendant's Motion for Summary Judgment. Plaintiffs allege numerous falsities advanced in Defendant's Motion for Summary Judgment, and allege that Defendant used said falsehoods to deceive the Montgomery County court into entering judgment in Defendant's favor. (ECF No. 13, ¶¶ 33-43.)

If true, the foregoing allegations suffice to state a viable claim under Section 1692e(10) of the FDCPA.

Of note, Defendant appears to challenge whether its Motion for Summary Judgment constitutes a "communication" as contemplated by the statute. But the FDCPA broadly defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). And district courts within this Circuit have regarded filings in private foreclosure actions as communications subject to the Act's protections. Oppong v. First Union Mortg. Corp., 566 F. Supp. 2d 395, 400 (E.D. Pa. 2008) ("In the Third Circuit, it is clear that communications by the creditor to the debtor in the context of litigation…constitute 'initial communications' and are thus covered under the FDCPA."). The Court therefore finds that Defendant's 2017 Motion for Summary Judgment could properly be subjected to the proscriptions of Section 1692e(10). Because the 2017 Motion for Summary Judgment is covered by the FDCPA, and because Plaintiffs sufficiently allege a cause of action under Section 1692e(10), Defendant's Motion is denied insofar as the Motion for Summary Judgment serves as the basis for Plaintiffs' claim.

## **CONCLUSION**

Based on the foregoing, the Court grants in part and denies in part Defendant's Rule 12(b)(6) Motion to Dismiss the Amended Complaint. As it relates to Plaintiffs' claim under Section 1692g, Plaintiffs are hereby provided twenty-one days from the filing of this Memorandum and the corresponding Order to formally respond to the Court's intention to dismiss Plaintiffs' claim *sua sponte*. Defendant's Motion is granted as it relates to Plaintiffs' claim under Section 1692e(5), and denied as it relates to Plaintiffs' claims under Section 1692e(2)(A) of the FDCPA. Defendant's Motion is granted as it relates to Plaintiffs' 1692e(10) claim to the extent that Defendant's 2016 letter is the basis for said claim, and Defendant's

Motion to Dismiss is denied to the extent that Plaintiffs' Section 1692e(10) action is based on Defendant's 2017 Motion for Summary Judgment. Plaintiffs are granted leaved to amend their claim arising under Section 1692e(5) within twenty-one days.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.